UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                    Case No: 19-26381 SMG
                                                                                          Chapter 13

ILEANA RAMUDO-TOWNSEND,
            Debtor.                              /

**DEBTOR'S AMENDED MOTION FOR AUTHORIZATION TO SEPARATELY
CLASSIFY STUDENT LOAN HELD BY U.S. DEPARTMENT OF JUSTICE**

      The Debtor, ILEANA RAMUDO-TOWNSEND, by and through undersigned attorney, files this Amended Motion for Authorization to Separately Classify Student Loan Held by U.S. Department of Justice, and in support thereof state as follows:

1. On May 14, 2014, the Debtor entered a repayment plan with the U.S. Department of Justice to satisfy her student loan at $ 1,000.00 per month and the curing of a $ 33,000.00 arrearage in the agreed upon repayment.

2. On December 6, 2019, the Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code.

3. On or about November 6, 2019, the Debtor received certified mail from the U.S. Department of Justice regarding a breach in her contractual obligation on her student loans, threatening the suspension of her professional license as a dentist.

4. The Debtor is currently employed as a periodontist. Thus, she depends on her professional license to generate income.

5. The Debtor wishes to reinstate her repayment agreement with the U.S. Department of Justice by paying the agreed upon $ 1,000.00 per month and cure the arrears of $ 33,000.00 through the proposed Chapter 13 plan.

6. The Southern District Bankruptcy Court has held that discrimination of unsecured creditors is not unfair under 11 U.S.C §1132(b)(1) where: (1) the debtor's health professional license is subject to revocation or suspension upon breach of repayment obligation to student loan lender under Fla. Stat. §§ 456.072 (2), 456.072(1)(k) ; and (2) the unsecured creditors who are being discriminated against would benefit from the

repayment arrangement to the student loans lender. *In re Kalfayan*, 415 B.R. 907, 910-11 (Bankr. S.D. Fla. 2009).

7. In the present case, if the Debtor were to default on her student loan repayments, her professional license to practice dentistry would be subject to suspension under Fla. Stat. §§ 456.072 (2), 456.072(1)(k). Additionally, the suspension of Debtor's professional license would jeopardize her ability to earn income to fund any distributions to other unsecured creditors.

8. Therefore, the separate classification of Debtor's student loan repayment would not be unfair to the rest of the Debtor's unsecured creditors, as they would benefit from this arrangement.

9. Therefore, based upon the foregoing, the Debtor respectfully requests that this Court enter an Order separately classifying U.S. Department of Justice and deeming the debt owed to same as payable within the Chapter 13 plan.

WHEREFORE, Debtor, ILEANA RAMUDO TOWNSEND, respectfully requests a court order for authorization to separately classify the U.S. Department of Justice in order for the obligation to be paid within the proposed Chapter 13 Bankruptcy Plan, and for any other and further relief that this Court deems just and proper.

Respectfully submitted on this 26th day of February, 2020

**VAN HORN LAW GROUP, P.A.**
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)
Terri@cvhlawgroup.com
By: /s/ Terri J Schwartz, Esq.
Terri J Schwartz, Esq.
FL Bar 0183164